NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EASYWEB INNOVATIONS, LLC,**
*Plaintiff-Appellant*

**v.**

**TWITTER, INC.,**
*Defendant-Appellee*

---

2016-2066

---

Appeal from the United States District Court for the Eastern District of New York in No. 2:11-cv-04550-JFB-SIL, Judge Joseph F. Bianco.

---

Decided: May 12, 2017

---

ALAN KELLMAN, Desmarais LLP, New York, NY, argued for plaintiff-appellant. Also represented by JEFFREY SCOTT SEDDON, II.

DARALYN JEANNINE DURIE, Durie Tangri LLP, San Francisco, CA, argued for defendant-appellee. Also represented by JOSEPH GRATZ, EUGENE NOVIKOV.

---

Before LOURIE, MOORE, and HUGHES, *Circuit Judges.*

HUGHES, *Circuit Judge*.

EasyWeb appeals the district court's grant of summary judgment of patent ineligibility under 35 U.S.C. § 101 and in the alternative, non-infringement. Because all asserted claims recite patent-ineligible subject matter, we affirm.

I

EasyWeb sued Twitter for infringement of the following five patents directed to a message publishing system: U.S. Patent Nos. 7,032,030; 7,596,606; 7,685,247; 7,689,658; and 7,698,372. The patents are generally directed to allowing "any person or organization to easily publish a message on the Internet." '247 patent col. 4 ll. 41-43. According to the specification, at the time of the invention, "publishing a message on the Internet [was] a daunting task" because of cost, limitations in existing software, and a lack of technical knowledge. '247 patent col. 2 ll. 65–col. 3 ll. 21. The patents sought to address this problem by purportedly inventing a message publishing system that accepts messages in multiple ways, such as by fax, telephone, or email, verifies the message was sent by an authorized sender, and converts and publishes the message on the Internet.

The parties agree that claim 1 of the '247 patent is representative:

> 1. A message publishing system (MPS) operative to process a message from a sender in a first format, comprising:
>
> a central processor;
>
> at least one sender account;
>
> at least one storage area configured to store at least a first portion of the message; and

software executing in the central processor to configure the processor so as to:

identify the sender of the message as an authorized sender based on information associated with the message in comparison to data in the sender account, wherein the identification is dependent upon the first format;

convert at least a second portion of the message from the first format to a second format; and

publish the converted second portion of the message so as to be viewable in the second format only if the sender has been identified as an authorized sender.

'274 patent col. 43 ll. 47–64.

At the district court, Twitter moved for summary judgment of non-infringement and ineligibility under 35 U.S.C. § 101. The court granted the motion, finding that the patents are directed towards ineligible subject matter, or in the alternative that Twitter did not infringe any of the patents. EasyWeb appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## II

We review summary judgment determinations de novo. *Convolve, Inc. v. Compaq Comput. Corp.*, 812 F.3d 1313, 1317 (Fed. Cir. 2016) (citing *Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 309 (2d Cir. 2008)). The ultimate question of patent eligibility under § 101 is an issue of law reviewed de novo. *In re TLI Commc'ns LLC Patent Litig.*, 823 F.3d 607, 610 (Fed. Cir. 2016).

35 U.S.C. § 101 provides that "[w]hoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor,

subject to the conditions and requirements of this title," but "[l]aws of nature, natural phenomena, and abstract ideas are not patentable." *Ass'n for Molecular Pathology v. Myriad Genetics, Inc.*, 133 S. Ct. 2107, 2116 (2013) (internal quotation marks and citation omitted).

To determine whether a claim is patent ineligible under § 101, the Supreme Court has established a two-step framework: First, we must "determine whether the claims at issue are directed to a patent-ineligible concept." *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2355 (2014). Second, if the claims are directed to patent-ineligible subject matter, we must "consider the elements of each claim both individually and 'as an ordered combination' to determine whether the additional elements 'transform the nature of the claim' into a patent-eligible application." *Id.* (quoting *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S. Ct. 1289, 1298 (2012)).

Beginning with the first step, we conclude that claim 1 is directed to an abstract idea. Claim 1 merely recites the familiar concepts of receiving, authenticating, and publishing data. As we have explained in a number of cases, claims involving data collection, analysis, and publication are directed to an abstract idea. *Elec. Power Grp. v. Alstom S.A.*, 830 F.3d 1350, 1353 (Fed. Cir. 2016) (holding that "collecting information, analyzing it, and displaying certain results of the collection and analysis" are "a familiar class of claims 'directed to' a patent-ineligible concept"); *see also In re TLI Commc'ns LLC Patent Litig.*, 823 F.3d at 611; *FairWarning IP, LLC v. Iatric Sys., Inc.*, 839 F.3d 1089, 1093–94 (Fed. Cir. 2016). Claim 1, unlike the claims found non-abstract in prior cases, uses generic computer technology to perform data collection, analysis, and publication and does not recite an improvement to a particular computer technology. *See, e.g., McRO, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299, 1314–15 (Fed. Cir. 2016) (finding claims not abstract because they "focused on a specific asserted

improvement in computer animation"). As such, claim 1 is directed to the abstract idea of receiving, authenticating, and publishing data.

Turning to the second step, we find claim 1 does not contain an inventive concept sufficient to "'transform the nature of the claim' into a patent-eligible application." *Alice*, 134 S. Ct. at 2355. The elements of claim 1 simply recite an abstract idea or an abstract idea executed using computer technology. Although EasyWeb argues that an inventive concept arises from the ordered combination of steps in claim 1, we disagree. Claim 1 recites the most basic of steps in data collection, analysis, and publication and they are recited in the ordinary order.

In sum, all the claims are directed to the abstract idea of receiving, authenticating, and publishing data, and fail to recite any inventive concepts sufficient to transform the abstract idea into a patent eligible invention. Because we find all the claims ineligible, we do not reach the remaining issues raised on appeal.

**AFFIRMED**

COSTS

Costs to Appellee.